NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CRISTINA GAONA, *Petitioner/Appellee,*

*v.*

DAVID CAMACHO, *Respondent/Appellant.*

No. 1 CA-CV 24-0541

FILED 03-11-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-006668
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

Riley Law Firm, PLC, Phoenix
By Daniel Riley
*Counsel for Petitioner/Appellee*

David Camacho, Glendale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1**　　　　David Camacho ("Husband") appeals the superior court's division of property in its decree of dissolution of marriage and ruling on attorneys' fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Husband and Cristina Gaona ("Wife") married in 2011. They have three minor children. Wife filed a petition for dissolution of marriage in 2022.

**¶3**　　　　Before trial, the parties filed separate pre-trial statements listing stipulated and contested issues. Following trial, the court issued a decree of dissolution of marriage in June 2024.

**¶4**　　　　Husband timely appealed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statute ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶5**　　　　The court has "broad discretion to allocate community property, and we will not disturb its allocation absent an abuse of discretion." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019) (internal quotation omitted). "We will affirm the decree if it is supported by reasonable evidence and view the evidence in the light most favorable to upholding it." *Whitt v. Meza*, 257 Ariz. 176 ¶ 8 (App. 2024). And no party asked the court to make separate findings of fact and conclusions of law, so we presume it found every fact necessary to support its decision. *Id.*

**¶6**　　　　To begin, "[t]his court has a responsibility to see that litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more importantly, to all litigants and the people as a whole." *Ramos v. Nichols*,

252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). To that end, our supreme court has set forth rules to which litigants must adhere to bring an appeal. *Id.* An opening brief must, at a minimum, provide a "statement of facts" relevant to the issues presented for review and include appropriate citations to the record. *Id.* (citing ARCAP 13(a)(5)). Further, the brief must present coherent arguments that explain the litigant's position on each issue presented for review, "with supporting reasoning, citations to legal authorities, and appropriate references to the record." *Id.* (citing ARCAP 13(a)(7)). Those who fail to make a bona fide and reasonably intelligent effort to comply with the rules "waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Id.* (cleaned up).

**¶7** Husband's appeal fails because his opening brief is entirely deficient. It does not contain a single citation to the record or to any legal authority. Further, his arguments are presented largely as mere conclusions without structure or explanation. Husband has failed to provide a bona fide and reasonably intelligent effort to comply with ARCAP 13, waiving all issues in this appeal. *Id.* at ¶ 9 (citing *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013)). We therefore affirm the superior court's decree of dissolution of marriage.

**¶8** But even if Husband's opening brief properly preserved the issues for review, his appeal still fails on its merits. First, Husband argues the court erred in awarding Wife attorneys' fees. Because Husband did not timely appeal that judgment, we do not have jurisdiction over this claim. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 480 ¶ 39 (2023) ("An appellate court's jurisdiction is limited to a party's notice of appeal.").

**¶9** Second, Husband argues Wife's mother's will should be opened and clarified. But we do not address this argument because it was raised for the first time on appeal. *See In re MH 2008–002659*, 224 Ariz. 25, 27 ¶ 9 (App. 2010) ("We do not consider arguments raised for the first time on appeal except under exceptional circumstances."). Although Husband included a sentence in his pretrial statement indicating he wished to "see and open the will of [Wife's mother]," the record does not show he addressed this issue at trial. Because Husband provides no transcript, we must presume the record supports the trial court's ruling. *See Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 169 ¶ 3 (App. 2017) (presuming "missing transcript would support the [trial] court's ruling").

**¶10** Husband also argues the court should have allocated the community debts and car debts equally. The court allocated the community

debts equally and distributed the cars to the parties based on their values. Husband presented no evidence supporting his argument, and we will not second-guess the court's weighing of the evidence. *Lehn*, 246 Ariz. at 286 ¶ 31. We discern no error.

## CONCLUSION

**¶11**        We affirm.

**¶12**        Wife requests attorneys' fees and costs on appeal under ARCAP 25 or A.R.S. § 25-324. She argues Husband's arguments are unreasonable and he has more financial resources than Wife. Section 25-324(A) requires us to consider the parties' financial resources and reasonableness of their positions. Here, Husband failed to support his arguments with any fact or law, and the record shows he has more resources than Wife. Thus, we award Wife her reasonable attorneys' fees and costs on appeal upon her compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR